[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Lubamyra Schumylo brings this civil action against defendants Thomas Durley and Dina Del Vecchio in two counts. In the first court the plaintiff alleges that on or about September 1, 1992, the parties entered into a written lease which ended on August 28, 1993, and thereafter entered into an oral lease on a month-to-month bases for premises located at 56 Brookwood Road in Bethany, Connecticut for a monthly rental payment of $1,200. The plaintiff further alleges that the defendants vacated the premises or after April 30, 1994, and owe her $1,200 as rent for that month. CT Page 1053
In the second count plaintiff Lubamyra Schumylo alleges the defendants damaged and impaired the premises, to her financial detriment. In their Answer defendants Thomas Durley and Dina Del Vecchio deny the allegations of the plaintiff's complaint. The defendants did not file a counterclaim.
The credible testimonial and documentary evidence presented during the trial of this action established the facts presented hereinafter. On or about September 1, 1992 defendant Thomas Durley, John Durley and Shawn Perchaluk signed a lease with the plaintiff for a term ending August 31, 1993, for the subject premises. The lease states a monthly rental of $1,100 and acknowledges a security deposit in the amount of $1,500. In the lease the named lessees assumed individual and joint liability relative to the breach of any of its terms. The premises consist of a single-family house and grounds which were in fine and good condition on September 1, 1992. Although defendant Dina Del Vecchio did not sign the lease, she resided at the premises with defendant Thomas Durley during the vast majority of the time covered therein.
Defendant Thomas Durley did not renew the written lease upon its expiration on August 31, 1993; however, he entered into a verbal agreement with the plaintiff for continued occupancy on a month-to-month basis at the prior rental rate. On several occasions during his occupancy after August 31, 1993, defendant Thomas Durley verbally acknowledged to the plaintiff his responsibility for damages to the premises and promised to repair any damages prior to leaving.
Defendant Thomas Durley left the premises in April of 1994. The last rental payment was made for the month of February 1994. It was defendant Durley's intention that the plaintiff apply the security deposit toward any unpaid rent.
Damages to the premises includes urine-stained carpeting and floors, physical damages to the house and landscaping, as well as the cost of removing debris. Damages to the premises total $5,393.39. Thus, the total damages due are calculated CT Page 1054 as follows:
Damages to premises $ 5,393.39
 Unpaid rent [$ 2,200 minus 1,500 security deposit 700.00 -------- Total damages $ 6,093.39
The plaintiff has requested counsel fees. Inasmuch as the complaint does not articulate a claim for counsel fees, the court declines to award attorney's fees to the plaintiff. Bushnell Plaza Development Corporationv. Joseph Fazzano, 38 Conn. Sup. 683, 688 (1983).
No credible evidence was presented which establishes liability in this case against defendant Dina Del Vecchio. Judgment hereby enters for the plaintiff against only defendant Thomas Durley in the amount of $6,093.39.
Clarance J. Jones, Judge